UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

v.                                  CASE NO.: 8:10-cv-1590-T-23TBM

ALPHA HOMES, INC., formerly known as
SUAREZ HOUSING CORPORATION,

    Defendant.
_____/

**ORDER**

      Southern-Owners Insurance Company ("Southern"), sues (Doc. 1) for a declaratory judgment absolving liability on commercial general liability insurance policies issued to Alpha Homes, Inc. ("Alpha"). Southern's prospective liability arises from a sub-contractor's installation of defective "Chinese drywall" in homes constructed by Alpha. The "Chinese drywall" emits toxins and causes corrosion of electronic equipment within the homes. Alpha has incurred remediation and legal costs as a result of the installation of "Chinese drywall." In a parallel state case, Alpha sues Southern, other insurers, and the sub-contractor that installed the "Chinese drywall." Alpha initiated the state case on July 12, 2010. Southern initiated this action on July 20, 2010. Alpha's complaint in the state action alleges breach of warranty and negligence and seeks damages from the company that installed the "Chinese drywall." Alpha's state court complaint also seeks relief from insurers, including Southern, for failing to indemnify Alpha. On August 10,

2010, Alpha moved to dismiss for lack of diversity jurisdiction.  (Doc. 5)  This frivolous motion was denied.  (Doc. 9)  However, because the motion referred to a pending state action each party was invited to file a memorandum discussing whether this action should be dismissed or stayed in favor of the pending state litigation.  Each party accepted that invitation.  (Docs. 12 and 13)

Alpha's memorandum argues for dismissal and asserts (1) that the coverage issue is best litigated in state court and (2) that the federal court lacks diversity jurisdiction.  (Doc. 11)  The second portion of Alpha's memorandum inexplicably recycles argument from its motion to dismiss.  (Doc. 5)  Alpha's disingenuous argument was rejected by the earlier order:

> Although the complaint in this action alleges that Southern is a Michigan corporation and Alpha is a Florida corporation and although both the policy limit and the claimed damages exceed $75,000, Alpha moves (Doc. 5) to dismiss for lack of diversity jurisdiction.  In support of the motion, Alpha unaccountably notes that in the state case both the plaintiff and each defendant (except Southern) are citizens of Florida.  However, the citizenship of parties in a parallel state case has no bearing on the district court's diversity jurisdiction.  Alpha's utterly misconceived motion to dismiss for lack of diversity jurisdiction fails.

(Doc. 9)  Alpha's repetition of a patently frivolous argument is dilatory and vexatious.

Southern's memorandum asserts that Alpha's claims, as framed in the state action, fail to raise the coverage issue that is the subject of this action.  Southern's assertion is valid in the sense that Alpha's state court complaint fails to present each coverage issue in a manner enabling a disinterested observer to determine which claims, if any, will survive adjudication of the case.  Southern suggests a temporary stay of this case pending at least partial resolution of the state case.

The Declaratory Judgment Act, 28 U.S.C. § 2201, is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (citations omitted). The Declaratory Judgment Act bestows a competence, not a duty, to declare a right. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). Accordingly, a district court enjoys substantial latitude in deciding to stay or dismiss a declaratory judgment action in deference to a state action if "parallel proceedings, presenting opportunity for ventilation of the same state law issues, [are] underway in state court." Wilton, 515 U.S. at 290. To avoid waste and gratuitous interference with the orderly and comprehensive disposition of state court litigation, a district court ordinarily defers if "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart, 316 U.S. at n.2.

Because the state court action presents similar issues between the same parties, a federal court should abstain. Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005), United Rentals v. Auto-Owners Ins. Co., 07-cv-267, 2007 WL 2695822 (M.D. Fla. Sept. 10, 2007), City Federal Savings Bank v. Dominion Federal Savings and Loan Assn., 657 F.Supp. 477 (S.D. Fla. 1987) (dismissing declaratory judgment action because of pending state action presenting an opportunity to obtain declaratory relief by way of counterclaim). However, because of the possibility that a final resolution of the state case would not completely dispose of the controversy, the proper course is to stay the action and await resolution of the state case. Assurance Co. of America, v. Legendary Home Builders, 305 F.Supp.2d. 1266 (S.D. Ala. 2003).

- 4 -

The action is **STAYED**.  The Clerk is directed to (1) terminate any pending motion and (2) administratively close the case.  Upon conclusion of <u>Alpha Home Corporation, et al. v. Image Drywall, et al.</u>, 10-CA-014181, either party may move to re-open.

ORDERED in Tampa, Florida, on December 6, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE